1  ADAM A. LEWIS (BAR NO. 88736)
   PATRICIA S. MAR (BAR NO. 45593)
2  JEFFREY M. KAYES (BAR NO. 216089)
   MORRISON & FOERSTER LLP
3  425 Market Street
   San Francisco, California  94105-2482
4  Telephone: 415.268.7000
   Facsimile: 415.268.7522
5
   Attorneys for Debtor
6  WESTERN WATER COMPANY

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                             OAKLAND DIVISION

11

| 12 | In re | Case No.  05-42839 |
|---|---|---|
| 13 | WESTERN WATER COMPANY, | Chapter   11 |
| 14 | Debtor and Debtor-in-Possession. | |
| 15 | | Date:  October 3, 2005 |
| 16 | | Time:  2:00 p.m. |
|    | | Courtroom: Judge Leslie Tchaikovsky |

17

18
                              **AMENDED** MOTION
19
                 UNDER 11 U.S.C. § 363 FOR (1) APPROVAL OF
20                      SALE OF ASSETS OF THE DEBTOR,
                FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND
21                       (2) APPROVAL OF BID PROCEDURES

22

23

24

25

26

27

28
AMENDED MOTION FOR SALE OF
ASSETS AND BID PROCEDURES
sf-2010394

Western Water Company, as debtor and debtor-in-possession (the "Debtor") hereby amends its previously filed Motion Under 11 U.S.C. § 363 for (1) Approval of Sale of Substantially All Assets of the Debtor, Free and Clear of Liens, Claims and Interests, and (2) Approval of Bid Procedures (the "Original Motion") [Docket No. 120.], filed on September 7, 2005, and first set for hearing on September 26, 2005. As the Debtor reported to the Court at the hearing on September 26, 2005, Colorado Water Resources, LLC ("Old Stalking Horse"), with whom the Debtor had executed an asset purchase agreement (the "Old Stalking Horse APA"), exercised its option to terminate the agreement prior to the hearing. Debtor requested a one week continuance of the hearing, to October 3, 2005, to consider modifications to the sale process that are necessitated by the withdrawal of the Old Stalking Horse.

The Original Motion contemplated a Bid Procedure under which overbids against the Old Stalking Horse's offer would be accepted by the Debtor on or before October 18, 2005, followed by an auction to be held on October 21, 2005. Debtor has decided to proceed with an auction, without a stalking horse, on October 21, 2005, for the assets known as the Cherry Creek Assets, which consist of the Debtor's real property, water rights and related assets in Colorado, which comprise the Debtor's most valuable assets and have a book value of $12.5 million. The auction will not include what was described in the Old Stalking Horse APA and the Original Motion as the "Residual Assets," which include the Debtor's water rights in California, known as the Yuba Goldfields water rights.[1]

Debtor therefore requests that the Court approve the Amended Bid Procedures attached hereto as Exhibit A for an auction to be conducted on October 21, 2005 for the Cherry Creek Assets, with a minimum bid of $14 million, and on terms substantially as set forth in the form of asset purchase agreement attached hereto as Exhibit B (the "Form APA"). The Form APA is

---

[1] As the sale will not include the Residual Assets, the Court will not need to consider, at least at this time, the limited objection filed by Western Aggregates, LLC to the Original Motion. Western Aggregates' right of first refusal is only applicable to the Yuba Goldfields water rights.

AMENDED MOTION FOR SALE OF
ASSETS AND BID PROCEDURES
sf-2010394

based on and is substantially similar to the Old Stalking Horse APA, except as to price and modifications resulting from the elimination of the Residual Assets from the sale.

As with the original Bid Procedures, the Amended Bid Procedures provides that prospective bidders must qualify on or before October 18, 2005 with a $1 million cash deposit and financial information satisfactory to the Debtor that the bidder has the financial ability to close the transaction. Subsequent overbids will increase at $100,000 increments at the auction. As contemplated in the Original Motion, the Debtor will submit the winning bid to the Court at a hearing on October 24, 2005, for approval and entry of a sale order.

The Amended Bid Procedures include the flexibility for the Debtor to enter into another "stalking horse" contract with a prospective buyer ("New Stalking Horse") based on the Form APA prior to the initial bid deadline of October 18, 2005, at a purchase price of no less than the $14 million minimum bid price. If Debtor contracts with a New Stalking Horse, the minimum overbid at the Auction must be at least $1 million higher than the purchase price in the New Stalking Horse's contract. However, prospective overbidders will still be able to qualify to participate in the auction with a minimum bid submitted on or before October 18, 2005 deadline of $14 million.

Debtor therefore requests that the Court authorize the Debtor to enter into a New Stalking Horse agreement on substantially the terms of the Form APA attached as Exhibit B hereto, and to authorize the Debtor, in its discretion, to agree to pay a "break-up" fee to the New Stalking Horse of not to exceed $500,000, plus payment of up to $250,000 for actual costs and expenses incurred by the New Stalking Horse in connection with the sale. Such break-up fee is comparable to the break-up fee of $528,000, plus up to$ 250,000 for expenses, that the Debtor agreed to pay the Old Stalking Horse APA if it was outbid at the auction.

The Debtor believes that proceeding with a modified sale process as described in this Amended Motion is in the best interest of the estate. Substantial interest in the sale of the Cherry Creek Assets has been generated by the announcement of the sale procedures in the Original Motion, and prospective bidders have been preparing for an auction on October 21, 2005. The

1  Debtor therefore believes that proceeding with an auction on that date is preferable to delaying
2  the auction until the Debtor decides on a new stalking horse and negotiates and enters into an
3  agreement with a new stalking horse.  At the same time the Amended Bid Procedures are
4  sufficiently flexible to allow the Debtor to select and enter into a new stalking horse contract
5  should such an alternative be desirable.
6       The Amended Bid Procedures also provide the Debtor with the sole discretion to cancel or
7  postpone the date of the auction, at any time up to the October 18, 2005 deadline for submitting
8  minimum bids, or to cancel the auction after October 18, 2005 if no minimum bids of $14 million
9  are submitted.  Such discretion protects the estate in the event that the Debtor later determines
10 that proceeding with the auction would be improvident.
11      In conclusion, the Debtor requests that the Court enter an order approving the Amended
12 Bid Procedures attached as Exhibit A hereto and authorize the Debtor to conduct an auction in
13 accordance with the Bid Procedures and based on the Form APA attached as Exhibit B hereto.

14 Dated:  October 3, 2005

ADAM A. LEWIS
PATRICIA S. MAR
JEFFREY M. KAYES
MORRISON & FOERSTER LLP

By:  __/s/ Patricia S. Mar_____

     Patricia S. Mar

Attorneys for Debtor Western Water Company

AMENDED MOTION FOR SALE OF
ASSETS AND BID PROCEDURES
3